UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FERN S. PROCTOR,<br><br>                          Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                          Defendant. | Case No. 3:13-cv-5557-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On December 30, 2008, plaintiff filed a DIB application, alleging disability as of January 18, 2008, due to sesamoiditis of the left foot, plantar fasciitis of the right foot, depression, post-traumatic stress disorder, degenerative disc disease, urge incontinence, right wrist pain, lower back arthritis, and asthma. See Administrative Record ("AR") 235-36, 260. Her application was denied upon initial administrative review and on reconsideration, and after a first administrative

ORDER - 1

hearing before an administrative law judge ("ALJ").  See AR 98, 103-20, 131-32.  The Appeals Council remanded the matter for additional proceedings on March 9, 2011 (AR 125-29), and a second administrative hearing was held before the same ALJ on October 6, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a medical expert, a vocational expert, and plaintiff's cousin, Daniel Damon.  See AR 71-97.

On October 19, 2011, the ALJ issued a decision finding plaintiff not disabled.  See AR 23-44.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision on May 16, 2013, making the ALJ's decision defendant's final decision.  See AR 1-5; see also 20 C.F.R. § 404.981, § 416.1481. On July 10, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision.  See ECF # 1.  The administrative record was filed with the Court on September 13, 2013.  See ECF ## 9-10.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for additional proceedings, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in rejecting the lay witness evidence in the record; and (3) in failing to discuss a 2011 disability determination issued by the Department of Veterans' Affairs ("the VA").  The Court agrees the ALJ erred in determining plaintiff to be not disabled, and that this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner of the Social Security Administration ("the Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir.

ORDER - 2

1986); see also Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.   The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff argues that the ALJ erred in partially rejecting State agency medical opinions

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

and rejecting a consultative examiner's opinion without providing specific and legitimate reasons to do so.

  A. <u>Legal Standards</u>

  The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. <u>See</u> <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." <u>Morgan v. Comm'r of Social Sec. Admin.</u>, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." <u>Id.</u> at 603.

  In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." <u>Reddick</u>, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Id.</u> The ALJ also may draw inferences "logically flowing from the evidence." <u>Sample</u>, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 755, (9th Cir. 1989).

  The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in

ORDER - 4

the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

B.    State Agency Opinions

The ALJ gave "some weight" to the opinions of Cynthia Collingwood, Ph.D., which were affirmed by Thomas Clifford, Ph.D.  AR 38-39 (citing AR 929-32, 948).  The ALJ specifically credited Dr. Collingwood's opinion that plaintiff could perform simple and some complex tasks, but rejected her opinion that plaintiff had any significant social limitations, regarding public contact in particular.  AR 38-39.  The ALJ found that because the record showed that plaintiff could engage in appropriate interpersonal interaction with providers, and could engage in activities that demonstrate "a capacity for appropriate social functioning," he rejected Dr.

ORDER - 5

Collingwood's opinions that plaintiff could handle only brief public contact, "but may have increased anxiety w/ extensive public contact." AR 39 (citing AR 931).

Plaintiff contends that the purportedly inconsistent evidence cited by the ALJ is not actually inconsistent, because engaging with providers, family, and friends is not equivalent to interacting with the general public. ECF # 11 at 17-18. The Court agrees. The Commissioner, however, points out that any error regarding social limitations was harmless, because precluding public contact would not preclude all work identified by the vocational expert.[2] ECF # 12 at 9. This point is well-taken, because the jobs consistent with no public contact exist in significant numbers. See AR 43, 95. Thus, the ALJ's error in rejecting part of Dr. Collingwood's opinion is harmless.

C.     Dr. Dauria's Opinion

The ALJ rejected the opinion of consultative examiner Colin Dauria, M.D. AR 118 (citing AR 923-28). The ALJ found Dr. Dauria's March 2009 opinion to be inconsistent with other medical evidence showing improvement, and found that Dr. Dauria relied on plaintiff's non-credible self-report in rendering his opinion. AR 118.

These are specific and legitimate reasons to discount Dr. Dauria's opinion. The ALJ cited evidence that plaintiff's mental symptoms improved in 2008 to the point that her psychiatrist believed she no longer required treatment. AR 117. Plaintiff argues that the ALJ "could have amended the onset date to address his concerns about improvement in 2008" (ECF # 11 at 20), but fails to explain why he would or should have done this, given that he found plaintiff to be not disabled at any time after her alleged onset date.

---

[2] If, however, the ALJ's consideration of the 2011 VA disability determination (discussed *infra*) results in a reformulation of the residual functional capacity assessment, which would thereby necessitate additional vocational expert testimony, this error, even though harmless, can be corrected at that time.

ORDER - 6

Furthermore, the ALJ correctly noted that Dr. Dauria relied at least to some degree on plaintiff's self-report, which he found to lack credibility and that finding has not been challenged. Dr. Dauria himself found plaintiff to be a poor historian, and noted on a number of occasions that she could not elaborate in her description of particular symptoms or that her statements were internally inconsistent. AR 923-24, 926-27. His concluding functional assessment mentioned particular functional limitations as established by her reported history of a symptom, rather than his own observation. AR 927-28. To the extent that Dr. Dauria relied on plaintiff's subjective description of symptoms, without providing his own clinical observations, the ALJ was entitled to discount his opinion. See Bray v. Comm'r of Social Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

II.     The ALJ's Evaluation of the Lay Witness Evidence in the Record

Lay witnesses testified on plaintiff's behalf at both administrative hearings. See AR 65-69, 89-93. Plaintiff's husband also wrote a statement describing her functionality. AR 307-14. The ALJ rejected the lay witness testimony at the first hearing, from Antoinette Carson, as "generally credible" but not persuasive as to whether plaintiff's symptoms were medically founded. AR 119. The ALJ also declined to give significant weight to the lay witness testimony at the second hearing, from Mr. Damon, as inconsistent with the objective medical evidence and for reliance on subjective non-credible self-reporting. AR 40. The ALJ did not discuss plaintiff's husband's written statement.

A.     Legal Standards

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir.

ORDER - 7

2001).  In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision.  Id. at 512.  The ALJ also may "draw inferences logically flowing from the evidence." Sample, 694 F.2d at 642.

### B.   Hearing Testimony

The ALJ's reasons for discounting the hearing testimony are germane.  Inconsistency with medical evidence is a germane reason for discounting a lay witness statement.  See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).  Although the ALJ did not reiterate his discussion of the medical evidence that he found inconsistent with Ms. Carson's and Mr. Damon's testimony, he summarized it at length elsewhere in his decision (AR 32-37) in addressing the credibility of plaintiff's reports of disabling impairments.  Substantial evidence, specifically medical evidence showing improvement and only mild limitation, supports the ALJ's findings as to the hearing testimony.

### C.   Plaintiff's Husband's Statement

Plaintiff's husband completed a third-party function report that describes many if not all of the same symptoms described in plaintiff's written function report.  Compare AR 299-306 with AR 307-14.  The ALJ did not discuss plaintiff's husband's report, but this error is harmless because the same (unchallenged) reasons that the ALJ provided for discounting plaintiff's subjective statements apply with equal force to her husband's statement.  See Molina v. Astrue, 674 F.3d 1104, 1121-22 (9th Cir. 2012).

### III.   Plaintiff's VA Disability Determination

The ALJ provided reasons to discount plaintiff's 2010 VA disability determination, but

ORDER - 8

failed to address the 2011 VA disability determination that increased her disability rating from 70% to 100%.  See AR 1072-87.  The Commissioner concedes that the ALJ erred in failing to discuss the 2011 VA decision, but contends that this error was harmless because some of the reasons the ALJ provided for discounting the 2010 VA decision apply to the 2011 decision.

### A. Legal Standards

An ALJ must ordinarily give "great weight" to a VA determination of disability. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).  However, a VA rating is not conclusive.  McLeod v. Astrue, 640 F.3d 881, 886 (9th Cir. 2011).  "Because the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record."  McCartey, 298 F.3d at 1076.  "In some circumstances, the VA may assign a partial rather than a total disability rating to a veteran, and a partial disability rating might cut against rather than in favor of an SSA determination that the individual could not perform remunerative work of any kind."  McLeod, 640 F.3d at 886.

### B. The ALJ's Decision

The ALJ did not address the 2011 VA decision at all, but discounted the 2010 VA decision on the grounds that (1) the decision relied upon non-credible self-reporting, (2) the decision gave significant weight to only one March 2009 examination, (3) the decision does not identify any functional limitations, and (4) the decision focused on plaintiff's bladder issues (which the ALJ found to be insignificant).  AR 29-30.  The Commissioner argues that the ALJ's first and third reasons apply to the 2011 VA decision, and that other aspects of the ALJ's decision (namely his findings regarding plaintiff's migraine headaches and right wrist condition) suggest that he would have discounted the 2011 VA decision, and thus his error in failing to

ORDER - 9

address it is harmless. ECF # 12 at 5-8.

But, as noted by plaintiff, the 2011 VA decision reflects, at least to some degree, changed circumstances since the previous VA decision. The 2011 decision references many medical examinations that post-date the 2010 decision (AR 1080), including evidence related to plaintiff's migraines. See AR 1084 (referencing a May 21, 2010 examination that mentioned twice-monthly "prostrating" migraines that "last approximately twelve hours, causing pain in the head, nausea, confusion, and light sensitivity"). The 2011 decision does describe some functional limitations, including a fear of other people, concentration deficits, and difficulty adapting. AR 1081-82. Although the ALJ could have applied some of his reasoning as to the 2010 decision to the 2011 decision, he did not do so and the Court will not speculate as to what his findings would be. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) ("[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision."). On remand, the ALJ shall consider the 2011 VA decision and address the weight afforded to it.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ's decision erroneously overlooked the 2011 VA disability determination. Accordingly, defendant's decision is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 4th day of June, 2014.

Karen L. Strombom
United States Magistrate Judg

ORDER - 10